

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

June 8, 1939

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:                                    Opinion No. O-839

                                             Re: Can a married man living
                                                 in Baltimore, working
                                                 for the government at
                                                 Washington claim
                                                 residence in Texas and
                                                 vote there?

This is to acknowledge receipt of your letter of May 18th
requesting our opinion based on the following statement:

> "A man whose mother lives here and who lived here prior
> to his majority is now employed by the government at
> Washington, D. C. He has since married at Baltimore and
> resides there and carries on his work for the government
> at Washington. He wishes to vote in Texas.
>
> "There was given me no information as to whether he had
> ever voted, and I am taking it for granted that he has
> not.
>
> "As it occurs to me, the question would be: Can a
> married man living in Baltimore and working for the
> government at Washington claim a residence in Texas and
> be allowed to vote there? "

The Texas Constitution, Article 6, Section 2, provides in part
as follows:

> "Every person subject to none of the foregoing disquali-
> fications, who shall have attained the age of 21 years and
> who shall be a citizen of the United States and who shall
> have resided in this State one year next preceding the
> election and the last six months within the district or
> county in which such person offers to vote, shall be
> deemed a qualified elector...."

Honorable L. R. Thompson, June 8, 1939, Page 2, O-839

Article 2955, R.C.S. contains the exact wording as that set out above in the Constitution.

Article 2958, R.C.S. defines the term "residence" as applicable to voting requirements and provides in part:

> "The 'residence' of a single man is where he usually sleeps at night; that of a married man is where his wife resides, or if he be permanently separated from his wife, his residence is where he sleeps at night; provided that the residence of one who is an inmate or officer of a public asylum or eleemosynary institute, or who is employed as a clerk in one of the departments of the government at the capitol of this State, or who is a student of a college or university, unless such officer, clerk, inmate or student has become a bona fide resident citizen in the county where he is employed, or is such student, shall be construed to be where his home was before he became such inmate or officer in such eleemosynary institute or asylum or was employed as such clerk or became such student;...."

While it is true the courts say that residence is determined largely as a question of intention of the voter (Marsden v. Troy, 189 SW 960; Huff v. Duffield, 251 SW 298; Devereaux v. Rowe, 293 SW 207), where the facts or the expressed or implied intention show that a voter has left his former residence and moved to a new residence with the intention of remaining there, he loses his former residence for voting purposes. In the case of Stratton v. Hall, 90 SW (2d) 865, it is held that mere declarations of the voter are not controlling if the actual facts justify a contrary conclusion.

Each case must be construed in the light of its fact situation. Unless there is some evidence other than reflected by your statement, it is our opinion the person mentioned cannot be classed as a resident of Texas for voting purposes.

Your question as stated is therefore answered in the negative, based upon the authorities cited.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Benjamin Woodall

BW:AM

APPROVED:            By    Benjamin Woodall
Gerald C. Mann                Assistant
ATTORNEY GENERAL OF TEXAS

APPROVED: Opinion Committee, By HQB, Chairman